## NICOLLS v. LYONS.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. TROVER AND CONVERSION (§ 40*)—ACTIONS—EVIDENCE.

Proof by plaintiff that he owned an automobile, and that it was in defendant's possession in his garage, and that plaintiff duly demanded its return, which defendant refused, established a prima facie case for plaintiff, in an action for the conversion of the automobile, requiring defendant to make a defense.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 232–244; Dec. Dig. § 40.*]

2. TRIAL (§ 143*)—NONSUIT—GROUNDS.

Where plaintiff produced sufficient evidence to make a prima facie case, the fact that some of the evidence on his behalf was contradictory was insufficient to relieve defendant from entering on his defense, since on motion for a nonsuit all reasonable inferences are to be drawn in favor of plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by William O. Nicolls against Martin Lyons. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Louis B. Williams, of New York City, for appellant.
William Edgar Weaver, of Whitestone, for respondent.

SEABURY, J. [1] This action was brought to recover damages for the conversion of the body of an automobile. The complaint was dismissed at the close of the plaintiff's case. Plaintiff proved that he was the owner of the automobile, that the automobile was in the possession of the defendant in the latter's garage, that he duly demanded its return, and that defendant refused to return it. Proof of these facts established a prima facie case requiring the defendant to make a defense.

[2] The contention of the respondent that, because some of the testimony offered on behalf of the plaintiff was contradictory, the plaintiff did not sustain the burden of proof, cannot be upheld. In the absence of any evidence on behalf of the defendant, the court should have indulged all reasonable inferences in behalf of the plaintiff, and should not have dismissed the complaint.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.